(**Official Form 1) (9/01)**

| FORM B1 | United States Bankruptcy Court<br>Southern District of New York | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Enron Wind Systems, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br>**Zond Systems, Inc.** | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one. state all):<br>**95-3595766** | Soc. Sec./Tax I.D. No. (if more than one. state all): |
| Street Address of Debtor (No. & Street. City. State & Zip Code):<br>**13000 Jameson Road**<br>**P.O. Box 1910**<br>**Tehachapi, CA 93581** | Street Address of Joint Debtor (No. & Street. City. State & Zip Code): |
| County of Residence or of the Principal Place of Business:<br>**Kern, California** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**N/A** | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor
(if different from street address above):  **Debtor is engaged primarily in the ownership and operation of wind power projects in the U.S.  Principal assets are located at the above address.**

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) | |
|---|---|---|---|
| ☐ Individual(s) | ☐ Railroad | ☐ Chapter 7   ☒ Chapter 11   ☐ Chapter 13 | |
| ☒ Corporation | ☐ Stockbroker | ☐ Chapter 9   ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | |
| ☐ Other _____ | | | |

| **Nature of Debts** (Check one box) | | **Filing Fee** (Check one box) |
|---|---|---|
| ☐ Consumer/Non-Business | ☒ Business | ☒ Full Filing Fee attached |
| **Chapter 11 Small Business** (Check all boxes that apply) | | ☐ Filing Fee to be paid in installments (Applicable to individuals only) |
| ☐ Debtor is a small business as defined in 11 U.S.C. § 101 | | Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments.  Rule 1006(b).  See Official Form No. 3. |
| ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | | |

**Statistical/Administrative Information** (Estimates only)     THIS SPACE IS FOR COURT USE ONLY
☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| Estimated Assets  (as of December 31, 2001) | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| Estimated Debts  (as of December 31, 2001) | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Enron Wind Systems, Inc.** |
|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **See Attachment A** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Exhibit A** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | ☒ Exhibit A is attached and made a part of this petition. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br><br>X _____<br>Signature of Attorney for Debtor(s)     Date |
| | **Exhibit C**<br>Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br>☐ Yes and Exhibit C is attached and made a part of this petition.<br>☒ No |
| **Signature of Attorney**<br><br>X /s/ Brian S. Rosen<br>Signature of Attorney for Debtor(s)<br><br>Brian Rosen          Melanie Gray<br>Weil, Gotshal & Manges LLP    Weil, Gotshal & Manges LLP<br>767 Fifth Avenue           700 Louisiana, Suite 1600<br>New York, New York 10153     Houston, Texas 77002<br>Telephone: (212) 310-8000     Telephone: (713) 546-5000<br><br>February 20, 2002<br>Date | **Signature of Non-Attorney Petition Preparer**<br>I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>_____<br>Printed Name of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number<br><br>_____<br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>X _____<br>Signature of Bankruptcy Petition Preparer<br><br>_____<br>Date<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156. |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X /s/ Adam S. Umanoff<br>Signature of Authorized Individual<br>**Adam S. Umanoff**<br>Printed Name of Authorized Individual<br>**President & Chief Executive Officer**<br>Title of Authorized Individual<br>February 20, 2002<br>Date | |

WEIL, GOTSHAL & MANGES LLP
Attorneys For The Debtors
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Martin J. Bienenstock (MB 3001)
Brian S. Rosen (BR 0571)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
ENRON WIND SYSTEMS, INC., : 02-_____ (AJG)
: 
: 
**Debtor.** : 
--------------------------------------------------------- x

# EXHIBIT "A" TO VOLUNTARY PETITION

1. If any of debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, provide SEC file number: N/A

2. The following financial data is the latest available information and refers to the debtor's financial condition on December 31, 2001.

   (a) Total Assets $ 51,915,164

   (b) Total Debts (including debts listed in 2.c. below) $ 105,652,075[1]

   (c) Debt securities held by more than 500 holders: -0-

   (d) Number of shares of preferred stock -0-

   (e) Number of shares of common stock 6,671,038 Issued and Outstanding
   60,000,000 Authorized

   Comments, if any:

3. Brief description of debtor's business:

   To own and operate wind power projects in the U.S.

---

[1] This amount does not reflect off-balance sheet and contingent obligations.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of the debtor:

    (a)     Enron Wind Domestic Holding Corp.     100%

# ATTACHMENT A TO VOLUNTARY PETITION
# PENDING BANKRUPTCIES FILED BY AFFILIATES

On December 2, 2001, or as noted below, each of the Enron Corp.'s affiliated entities listed below filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"):

| **DEBTOR:** | **CASE NO.** | **DATE FILED** |
|---|---|---|
| 1.  Enron Metals & Commodity | 01-16033 | 12/2/2001 |
| 2.  Enron Corp. | 01-16034 | 12/2/2001 |
| 3.  Enron North America Corp. | 01-16035 | 12/2/2001 |
| 4.  Enron Power Marketing, Inc. | 01-16036 | 12/2/2001 |
| 5.  PBOG Corp. | 01-16037 | 12/2/2001 |
| 6.  Smith Street Land Company | 01-16038 | 12/2/2001 |
| 7.  Enron Broadband Services, Inc. | 01-16039 | 12/2/2001 |
| 8.  Enron Energy Services Operations, Inc. | 01-16040 | 12/2/2001 |
| 9.  Enron Energy Marketing Corp. | 01-16041 | 12/2/2001 |
| 10. Enron Energy Services, Inc. | 01-16042 | 12/2/2001 |
| 11. Enron Energy Services L.L.C. | 01-16043 | 12/2/2001 |
| 12. Enron Transportation Services Company | 01-16044 | 12/2/2001 |
| 13. BAM Lease Company | 01-16045 | 12/2/2001 |
| 14. ENA Asset Holdings, L.P. | 01-16046 | 12/2/2001 |
| 15. Enron Gas Liquids, Inc. | 01–16048 | 12/3/2001 |
| 16. Enron Global Markets LLC | 01-16076 | 12/4/2001 |
| 17. Enron Net Works L.L.C. | 01-16078 | 12/4/2001 |
| 18. Enron Industrial Markets LLC | 01-16080 | 12/4/2001 |
| 19. Operational Energy Corp. | 01-16109 | 12/6/2001 |
| 20. Enron Engineering & Construction Company | 01-16110 | 12/6/2001 |
| 21. Enron Engineering and Operational Services Company | 01-16111 | 12/6/2001 |
| 22. Garden State Paper Company, LLC | 01-16280 | 12/17/2001 |
| 23. Palm Beach Development Company, L.L.C. | 01-16319 | 12/18/2001 |
| 24. Tenant Services, Inc. | 01-16428 | 12/20/2001 |
| 25. Enron Energy Information Solutions, Inc. | 01-16429 | 12/21/2001 |
| 26. EESO Merchant Investments, Inc. | 01-16430 | 12/21/2001 |
| 27. Enron Federal Solutions, Inc. | 01-16431 | 12/21/2001 |
| 28. Enron Freight Markets Corp. | 01-16467 | 12/21/2001 |
| 29. Enron Broadband Services, L.P. | 01-16483 | 12/24/2001 |
| 30. Enron Energy Services North America, Inc. | 02-10007 | 1/2/2002 |
| 31. Enron LNG Marketing LLC | 02-10038 | 1/4/2002 |
| 32. Calypso Pipeline, LLC | 02-10059 | 1/7/2002 |
| 33. Enron Global LNG LLC | 02-10060 | 1/7/2002 |
| 34. Enron International Fuel Management Company | 02-10061 | 1/7/2002 |
| 35. Enron Natural Gas Marketing Corp. | 02-10132 | 1/11/2002 |
| 36. ENA Upstream Company LLC | 02-10232 | 1/17/2002 |
| 37. Enron Liquid Fuels, Inc. | 02-10252 | 1/18/2002 |
| 38. Enron LNG Shipping Company | 02-10346 | 1/24/2002 |
| 39. Enron Property & Services Corp. | 02-10464 | 2/1/2002 |
| 40. Enron Capital & Trade Resources International Corp. | 02-10613 | 2/11/2002 |
| 41. Enron Communications Leasing Corp. | 02-10632 | 2/12/2002 |

On December 3, 2001, the initial Debtor entities collectively filed a motion seeking entry of a order jointly administering and consolidating for administrative purposes only these chapter 11 cases. Such order was entered by the Court on December 3, 2001.

WEIL, GOTSHAL & MANGES LLP
Attorneys For The Debtors
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Martin J. Bienenstock (MB 3001)
Brian S. Rosen (BR 0571)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
                                           :
In re                                      :    Chapter 11 Case No.
                                           :
ENRON WIND SYSTEMS, INC.,                  :    02-_____ (AJG)
                                           :
                                           :
            Debtor.                        :
----------------------------------------------------------------x
```

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

      Following is a list of the Debtor's creditors holding the 20 largest unsecured claims. The list has been prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this Chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. The list also does not include holders of contingent or unliquidated claims, claims held by any of the Debtor's employees, or intercompany claims.

      The claim amounts are as of February 7, 2002

|  | *(1)* | *(2)* | *(3)* | *(4)* | *(5)* |
|---|---|---|---|---|---|
|  | *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 1. | Truck Crane Service<br>2875 Highway 55<br>Egan, MN 55121 | Truck Crane Service<br>2875 Highway 55<br>Egan, MN 55121 | Trade Debt |  | 353,440.63 |

|   | *(1)* | *(2)* | *(3)* | *(4)* | *(5)* |
|---|---|---|---|---|---|
|   | *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 2. | Molded Fiberglass Co.<br>3333 N. Interstate 35<br>Building #5<br>Gainesville, TX 76240 | Molded Fiberglass Co.<br>3333 N. Interstate 35<br>Building #5<br>Gainesville, TX 76240<br>Tel. 940-668-0302 | Trade Debt |   | 309,735.00 |
| 3. | Castrol Industrial<br>North America<br>5331 E. Slauson Blvd.<br>City of Commerce, CA 90040 | Castrol Industrial<br>North America<br>5331 E. Slauson Blvd.<br>City of Commerce, CA 90040<br>Tel. 800-590-9855 | Trade Debt |   | 239,102,47 |
| 4. | American Airlines<br>P.O. Box 100106<br>Department 03192-9<br>Pasadena, CA 91189 | American Airlines<br>P.O. Box 100106<br>Department 03192-9<br>Pasadena, CA 91189 | Trade Debt |   | 185,546.26 |
| 5. | (Dean Witter) Morgan Stanley<br>1585 Broadway<br>New York, NY 10036 | Lynne Dierlam<br>(Dean Witter) Morgan Stanley<br>1585 Broadway<br>New York, NY 10036<br>Tel. 212-761-4000<br>Fax: 212-761-0086 | Trade Debt |   | 171,00.00 |
| 6. | SEG Gmbh & Co. Kg<br>Krefelder Weg 47<br>D-47906 Kempen | SEG Gmbh & Co. Kg<br>Krefelder Weg 47<br>D-47906 Kempen<br>Tel. 4 92152145606 | Trade Debt |   | 136,873.96 |
| 7. | Cincinnati Gear Company<br>5657 Wooster Pike<br>Cincinnati, OH 45227 | David Banks<br>Cincinnati Gear Company<br>5657 Wooster Pike<br>Cincinnati, OH 45227<br>Tel. 513-271-7700 | Trade Debt |   | 120,195.00 |
| 8. | Crane Services, Inc.<br>505 Murray Road<br>Albuquerque, NM 87105-0817 | Bob Warianka<br>Crane Services, Inc.<br>505 Murray Road<br>Albuquerque, NM 87105-0817<br>Tel. 505-877-1000 | Trade Debt |   | 113,800.00 |
| 9. | Blattner Constructors<br>16733 Country Road<br>P.O. Box 37<br>Avon, MN 56310 | Charlie Wold<br>Blattner Constructors<br>16733 Country Road<br>P.O. Box 37<br>Avon, MN 56310<br>Tel. 320-356-2303 | Trade Debt |   | 104,698.00 |

|     | *(1)* | *(2)* | *(3)* | *(4)* | *(5)* |
| --- | --- | --- | --- | --- | --- |
|     | *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 10. | Datastream Systems, Inc.<br>50 Datastream Plaza<br>Greenville, SC 29605 | Jim Combs<br>Datastream Systems, Inc.<br>50 Datastream Plaza<br>Greenville, SC 29605<br>Tel. 800-955-6775 | Trade Debt | | 71,000.00 |
| 11. | Dick Reid Enterprises<br>522 Carol Lane<br>Midland, TX 79705 | Dick Reid Enterprises<br>522 Carol Lane<br>Midland, TX 79705<br>Tel. 915-570-5657 | Trade Debt | | 69,769.59 |
| 12. | Enterprise Rent-A-Car<br>2903 W. Wall St.<br>Midland, TX 79701-3018 | Enterprise Rent-A-Car<br>2903 W. Wall St.<br>Midland, TX 79701-3018 | Trade Debt | | 63,791.29 |
| 13. | Vic's Crane Service<br>3000 145th St. E<br>Rosemount, MN 55068 | Vic's Crane Service<br>3000 145th St. E<br>Rosemount, MN 55068<br>Tel. 651-423-2317 | Trade Debt | | 58,546.00 |
| 14. | Hertz Equipment Rental<br>P.O. Box 26390<br>Oklahoma City, OK 73126-0390 | Hertz Equipment Rental<br>P.O. Box 26390<br>Oklahoma City, OK 73126-0390 | Trade Debt | | 57,336.50 |
| 15. | Dielco Crane, Inc.<br>5454 Arville Street<br>Las Vegas, NV 89118 | Dielco Crane, Inc.<br>5454 Arville Street<br>Las Vegas, NV 89118<br>Tel. 800-283-8833 | Trade Debt | | 56,017.50 |
| 16. | Independent Energy Producers<br>1112 I Street, #380<br>Sacramento, CA 95814-2823 | Independent Energy Producers<br>1112 I Street, #380<br>Sacramento, CA 95814-2823<br>Tel. 916-448-9499 | Trade Debt | | 51,333.00 |
| 17. | Seraphic Systems Group<br>P.O. Box 22500<br>Bakersfield, CA 93390-2500 | Seraphic Systems Group<br>P.O. Box 22500<br>Bakersfield, CA 93390-2500<br>Tel. 661-873-1635 | Trade Debt | | 50,483.00 |
| 18. | Reliance Standard Life Insurance Company<br>P.O. Box 8500 (5000)<br>Philadelphia, PA 19178-5000 | Reliance Standard Life Insurance Company<br>P.O. Box 8500 (5000)<br>Philadelphia, PA 19178-5000<br>Tel. 800-644-1103 | Trade Debt | | 46,679.72 |
| 19. | Ground Engineering<br>7393 Dahlia Street<br>Commerce City, CO 80022-1834 | Ground Engineering<br>7393 Dahlia Street<br>Commerce City, CO 80022-1834<br>Tel. 303-289-1989 | Trade Debt | | 44,500.00 |

|  | *(1)* | *(2)* | *(3)* | *(4)* | *(5)* |
|---|---|---|---|---|---|
|  | *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code of employee, agent or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *Amount of claim [if secured also state value of security]* |
| 20. | Jerke Construction Co.<br>2808 W. 6th Street<br>Sioux Falls, SD 57104 | Jerke Construction Co.<br>2808 W. 6th Street<br>Sioux Falls, SD 57104<br>Tel. 605-336-9010 | Trade Debt |  | 40,722.50 |

4

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION

I, the undersigned authorized agent of the corporation named as the Debtor in this case, declare under penalty of perjury that I have read the foregoing "List of Creditors Holding 20 Largest Unsecured Claims" and that it is true and correct to the best of my knowledge, information and belief.

Dated: February 20, 2002

**ENRON WIND SYSTEMS, INC.**

By: /s/ Adam S. Umanoff

Name: Adam S. Umanoff

Title: President and Chief Executive Officer

# UNANIMOUS WRITTEN CONSENT

# OF THE

# BOARD OF DIRECTORS

# OF

# ENRON WIND SYSTEMS INC.

THE UNDERSIGNED, being all of the members of the Board of Directors of Enron Wind Systems Inc., a California corporation (the "Corporation"), pursuant to Section 307(b) of the California General Corporation Law, do hereby waive notice of meeting and consent to the adoption of the following resolutions in lieu of a special meeting of the Directors of the Corporation and authorize the taking of all actions specified therein.

This written consent may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. Each counterpart may consist of a number of copies each signed by less than all, but together signed by all, the parties hereto.

WHEREAS, the directors of the Corporation have reviewed and accepted all of the terms and conditions relating to that certain Purchase and Sale Agreement, dated February 20, 2002 (the "Purchase Agreement"), by and between Enron Corp., Enron Wind Corp. and the seller subsidiaries of Enron Wind Corp. named therein, and General Electric Company acting through its G.E. Power Systems Business;

WHEREAS, the directors believe that the Purchase Agreement and the transactions contemplated thereby are in the best interests of the Corporation;

WHEREAS, it is a condition to the Purchase Agreement that the Corporation seek chapter 11 bankruptcy protection ("Bankruptcy Filing");

WHEREAS, to satisfy the conditions precedent to the Purchase Agreement, the directors believe seeking chapter 11 bankruptcy protection to be in the best interests of the Corporation;

WHEREAS, for the period commencing with the Bankruptcy Filing until the closing of the transactions contemplated by the Purchase Agreement, the

Corporation will need access to working capital in order to maintain its business activity in the ordinary course;

WHEREAS, the directors of the Corporation have reviewed and accepted all of the terms and conditions relating to (i) the Revolving Credit and Guaranty Agreement (the "Credit Agreement") among Enron Corp. ("Enron") and Enron North America Corp. ("ENA") as borrowers and as debtors and debtors-in-possession under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), ENA and certain other direct or indirect subsidiaries of Enron named therein as guarantors (collectively referred to as the "Guarantors") and as debtors and debtors-in-possession, JP Morgan Chase Bank ("JPMCB"), Citicorp USA, Inc. ("Citicorp") and the other financial institutions party thereto as lenders (together with JPMCB and Citicorp, the "Lenders"), Citicorp as Paying Agent, JPMCB as Collateral Agent, and JPMCB and Citicorp, as Co-Administrative Agents (the "Co-Administrative Agents") for the Lenders and (ii) the other Loan Documents (as defined in the Credit Agreement), including all other instruments, documents and certificates that have or will be delivered to the Co-Administrative Agents and the Lenders, all other pledges, powers of attorney, consents, assignments, contracts, notices, and all other written matter contemplated by the Credit Agreement (collectively, the foregoing, together with the Credit Agreement, are hereinafter referred to as the "Loan Documents");

WHEREAS, the Credit Agreement and Loan Documents contemplate that, provided that the Corporation satisfies the requirements contained in clauses (i) through (v) of the definition of "Additional Guarantor Conditions" in the Credit Agreement, the Corporation will grant to the Collateral Agent (as defined in the Credit Agreement), on behalf of the Lenders and the Issuers, a lien on all or substantially all of the Corporation's property, real and personal, tangible or intangible, now existing or hereafter acquired (collectively, the "Assets"), and that, provided that the Corporation satisfies the requirements contained in clauses (i) through (v) of the definition of "Additional Guarantor Conditions" in the Credit Agreement, the Corporation will pledge to the Collateral Agent all of the Corporation's Pledged Equity Interests (as defined in the Security and Pledge Agreement (as defined in the Credit Agreement));

WHEREAS, provided that the Corporation satisfies the requirements contained in clauses (i) through (v) of the definition of "Additional Guarantor Conditions" in the Credit Agreement, the Corporation will receive substantial direct or indirect benefits; and

WHEREAS, in lieu of borrowings under the Credit Agreement, the Corporation will seek access to certain escrowed funds of the Corporation and/or its affiliates, but due to the uncertainty of such access, the Corporation believes it is in its best interest to participate in the transactions contemplated by the Credit Agreement.

NOW THEREFORE BE IT RESOLVED, that the directors have determined that the Corporation entering into the Purchase Agreement may reasonably be expected to benefit the Corporation (directly or indirectly) and the Corporation's creditors, shareholders, employees and other interested parties;

RESOLVED, that the form, terms and provisions of the Purchase Agreement that have been negotiated, completed and executed by the Authorized Officers be, and they hereby are, in all respects approved;

RESOLVED, that the consummation and performance of the transactions contemplated by the Purchase Agreement be, and hereby are, in all respects approved;

RESOLVED, that to facilitate the sale under the Purchase Agreement, it is in the best interests of the Corporation, its creditors, shareholders, employees and other interested parties that a petition be filed by the Corporation seeking relief under the provisions of the Bankruptcy Code;

RESOLVED, that each of Mark E. Haedicke, Raymond Bowen, Jeffrey McMahon, Daniel P. Leff, Victoria T. Sharp, the Chairman, the President, any Vice President, the Secretary, the Treasurer, and the Assistant Secretary of the Corporation and any other person or persons designated and authorized so to act (each, an "Authorized Officer" and collectively, the "Authorized Officers"), are, and each of them is, hereby authorized and empowered on behalf of, and in the name of, the Corporation to execute and verify or certify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Southern District of New York at such time as said officer executing the same shall determine;

RESOLVED, that each of the Authorized Officers, and such other officers of the Corporation as any of the Authorized Officers shall from time to time designate, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Corporation to execute and file all petitions, schedules, lists and other papers and to take any and all action that any of the Authorized Officers may deem necessary or proper in connection with the chapter 11 case;

RESOLVED, that each of the Authorized Officers, and such other officers of the Corporation as any of the Authorized Officers shall from time to time designate, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Corporation to execute any and all plans under chapter 11 of the Bankruptcy Code, including any and all modifications, supplements, and amendments thereto, in such form and containing such terms as the Board of Directors shall hereafter approve, and to cause the same to be filed in the United

States Bankruptcy Court for the Southern District of New York at such time as said officer executing the same shall determine;

RESOLVED, that the law firm of Weil, Gotshal & Manges LLP, with principal offices at 767 Fifth Avenue, New York, New York 10153, and regional offices at, among others, 700 Louisiana, Suite 1600, Houston, Texas 77002, and 100 Crescent Court, Suite 1300, Dallas, Texas 75201, be employed as attorney for the Corporation in the Corporation's chapter 11 case under a general retainer;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and empowered on behalf of, and in the name of, the Corporation to retain and employ other attorneys, investment bankers, accountants, and other professionals to assist in the Corporation's chapter 11 case on such terms as such Authorized Officer deems necessary or proper;

RESOLVED, that the Corporation is hereby authorized to perform all of its obligations under the Purchase Agreement and the foregoing resolutions and that the Chairman, the President or any Vice President of the Corporation be, and each acting alone hereby is, authorized and empowered in the name and on behalf of the Corporation, to take or cause to be taken any and all actions (including, without limitation, the execution and delivery of closing documents and other instruments and documents and the making of payments) as in the judgment of such officer may be necessary, proper or convenient in order to consummate, carry out and complete in all respects the transactions contemplated by, and to fully comply with the terms, conditions and provisions of, the foregoing resolutions;

RESOLVED, that the Corporation shall establish adequate reserves for the future payment of all liabilities of the Corporation prior to any distribution of sale proceeds received by the Corporation from consummation of the transactions contemplated by the Purchase Agreement;

RESOLVED, that the form, terms and provisions of the Credit Agreement and the Loan Documents that have been negotiated, completed and executed by the Authorized Officers be, and they hereby are, in all respects approved;

RESOLVED, that, provided that the Corporation satisfies the requirements contained in clauses (i) through (v) of the definition of "Additional Guarantor Conditions" in the Credit Agreement, the consummation and performance of the transactions contemplated by the Credit Agreement and the other Loan Documents by the Corporation be, and hereby are, in all respects approved;

RESOLVED, that, provided that the Corporation satisfies the requirements contained in clauses (i) through (v) of the definition of "Additional Guarantor Conditions" in the Credit Agreement, the Corporation hereby consents to the grant to the Collateral Agent of a lien on the Corporation's Assets and the pledge

4

to the Collateral Agent of all of the Corporation's Pledged Equity Interests, as contemplated by the Credit Agreement and the Loan Documents;

RESOLVED, the Authorized Officers, and any person or persons designated and authorized so to act by any such officer of the Corporation be, and each of them hereby is, authorized and directed in the name and on behalf of the Corporation, to do and perform, or cause to be done or performed, such acts, and to execute and deliver, or cause to be executed and delivered, under its corporate seal or otherwise, such instruments or documents, including without limitation, provided that the Corporation satisfies the requirements contained in clauses (i) through (v) of the definition of "Additional Guarantor Conditions" in the Credit Agreement, the execution and delivery of a security and pledge agreement in accordance with the terms of the Credit Agreement, pursuant to which security and pledge agreement the Corporation will pledge to the Co-Administrative Agents on behalf of the Lenders all or substantially all of the Corporation's property, real and personal, tangible or intangible, now existing or hereafter acquired, as he or she may deem necessary or desirable in order to perform the obligations of the Corporation under the Credit Agreement and the Loan Documents and to carry out the intent of the foregoing resolutions;

RESOLVED, that other appropriate officers of the Corporation (each a "Proper Officer") be, and hereby are, authorized to execute, or join in the execution of, documents and agreements on behalf of the Corporation, to attest or deliver certificates on behalf of the Corporation, or to take such additional action on behalf of the Corporation as the Proper Officers have deemed appropriate relating to any such document that the Proper Officers have been authorized to execute on behalf of the Corporation pursuant to the foregoing resolutions; and

RESOLVED, that the authority given hereunder shall be deemed retroactive and any and all acts relating to the foregoing resolutions performed prior to the passage of the foregoing resolutions by any of the directors or officers of the Corporation, be and hereby are, ratified, confirmed and approved in all respects.

5

::ODMA\PCDOCS\HO1\246192\1

IN WITNESS WHEREOF, the undersigned directors have executed this Unanimous Written Consent as of the 20th day of February, 2002.

                                        /s/ Stanley C. Horton
                                        Stanley C. Horton

                                        /s/ Eric P. Newell
                                        Eric P. Newell

                                        /s/ Adam S. Umanoff
                                        Adam S. Umanoff

                                        /s/ Robert H. Walls, Jr.
                                        Robert H. Walls, Jr.